KNOLL, J.,
would grant for the following reasons.
LThe State’s supervisory writ application arises out of its attempt to obtain discovery related to post-conviction claims for ineffective assistance of counsel filed by Donald Lee Leger, Jr., an inmate whose conviction for first-degree murder and death sentence was previously affirmed by this Court.[1] Specifically, the State alleges the District Court abused its discretion in denying its motion for discovery of the following items: (1) test results and raw data from testing conducted on Leger by Drs. Marc L. Zimmerman, Dale Watson, and Ruben C. Gur which form the basis of their reports indicating the nature of the mental and physical illnesses with which Leger allegedly suffers, and (2) the trial file of defense counsel, Craig Colwart. For the following reasons, I find the State is entitled to discovery of these materials, and I respectfully dissent from the majority’s denial of the State’s writ application.
First, I believe the District Court abused its discretion in denying the State’s motion for discovery of the test results and raw data. Although neither the State nor Leger appended a copy of the petition and supplemental petition for post-conviction relief to the offerings presented to the Court, Leger does not dispute the | ¡¡.State's assertion that Leger’s supplemental petition contains allegations that Leger was incompetent to stand trial and that his trial counsel failed to investigate his mental state and failed to present evidence of his mental illness in mitigation at the penalty phase of the trial. The Code of Criminal Procedure articles do not explicitly specify which materials the State is entitled to receive when an inmate convicted of a capital crime seeks post-conviction relief based on an alleged intellectual disability. However, Louisiana Code of Criminal Procedure Article 905.5.1 provides some guidance on this point:
[[Image here]]
B. Any capital defendant who claims to have an intellectual disability shall file written notice thereof within the time period for filing of pretrial motions as provided by Article 521 of this Code.
[[Image here]]
D. Once the issue of intellectual disability is raised by the defendant, and upon written motion of the district attorney, the defendant shall provide the state, within time limits set by the court, any and all medical, correctional, educational, and military records, raw data, tests, test scores, notes, behavioral observations, reports, evaluations, and any other information of any kind reviewed by any defense expert in forming the basis of his opinion that the defendant has an intellectual disability.
Article 905.5.1 expresses the Legislature’s intent for the State to have the benefit of these types of materials pre-trial when a capital defendant asserts he has an intellectual disability. Because it would be ludicrous for the State, having obtained a conviction of Leger, to be placed in a position more disadvantaged than the position it would occupy if Leger had raised this claim pre-trial, I would apply Article 905.5.1 by analogy to these circumstances *384 and would require Leger to produce the raw data and test results the State seeks.
In ray view, the State is also entitled to discovery of defense counsel’s trial file. Leger argues that his trial counsel’s file is not subject to discovery because the State “failed to articulate any specific reason why the State was entitled to the ^entire trial counsel file.” Leger, however, presents no authority for his assertion that such a showing is required. Again, Leger does not dispute the State’s assertion that his supplemental petition for post-conviction relief includes the following allegations: (1) trial counsel was ineffective for failing to object to and impeach testimony at the suppression hearing; (2) trial counsel was ineffective for failing to conduct an adequate cross-examination of Chief Sab-ría McGuire; (3) trial counsel failed to object to the State’s purposeful discrimination during jury selection; (4) trial counsel was ineffective for failing to strike juror, Nancy Dumesnil; (5) trial counsel failed to investigate the case; (6) trial counsel was ineffective for stipulating to the autopsy report; (7) trial counsel was ineffective for failure to object to the State’s closing argument; (8) trial counsel was ineffective for failure to object to jury instructions; (9) trial counsel was ineffective because of a conflict of interest; (10) trial counsel failed to present available mitigating evidence at the sentencing stage of trial; and (11) trial counsel was ineffective in failing to ensure there was a complete record. By making these allegations, Leger has placed in issue the conduct of his attorney throughout the course of trial. I would find the allegations themselves justify the State’s entitlement to defense counsel’s trial file. Leger argues obliquely that only Articles 924 through 930.9 of the Louisiana Code of Criminal Procedure govern in post-conviction matters. This is incorrect. While Articles 924 through 930.9 of the Louisiana Code of Criminal Procedure govern the procedure specifíc to post-conviction, the rest of the Code is instructive where the articles on post-cónviction procedure are silent. Thus, the State could use Louisiana Code of Criminal Procedure Article 732 to move the trial court to issue a subpoena duces tecum, ordering Leger’s post-conviction counsel, who allegedly has current possession of the trial file, to produce that trial file prior to the evidentiary hearing.
While Article 929, which addresses summary disposition of post-conviction Lclaims (i.e., the resolution of claims without a hearing), requires a showing of “good cause” for discovery, that standard does not apply when a post-conviction claim is to be resolved by means of a full eviden-tiary hearing. Applying the “good cause” standard in the non-hearing context makes sense given the nature of the cases subject to summary disposition. As the Official Revision Comments from 1980 note,
There is no reason to require a full evidentiary hearing in all cases. In some cases, the record will clearly refute or sustain the petitioner’s allegations. If so, relief may be granted or denied. In other cases, although some expansion of the record may be necessary, the case may nevertheless be decided without a full evidentiary hearing.
In such cases where the result is so clear, it is logical and, indeed, efficient for the Code of Criminal Procedure to require a showing of “good cause” for additional discovery.
Article 930 is silent with respect to the discovery available when, as here, a post-conviction claim is to be resolved by a full evidentiary hearing. However, the availability of discovery measures in Article 929 — which typically involves cases with *385 out sharp factual disputes[2] —militates strongly in favor of allowing even more liberal discovery in matters where facts are highly disputed. Policy concerns also strongly weigh in favor of liberal discovery prior to a post-conviction evidentiary hearing. The process of adjudicating these post-conviction claims is highly costly and time-consuming. While post-conviction adjudication should be a truth-seeking mission aimed at honestly protecting the rights of the convicted, it is subject to tremendous abuse by many convicted inmates who view it as a chance to get another bite at the apple. In keeping with what is ideally a truth-seeking mission, it makes sense to allow both parties liberal discovery, especially when defendants are | smaking ineffective assistance of counsel claims. Convicted inmates may already obtain the State’s trial file by filing a public records request as Leger did in this case.[3] Allowing the State comparable access to defense counsel’s trial file makes sense. It is also unclear how defendant would be unfairly prejudiced if a court were to permit such access. If the representation provided to the defendant at trial was truly ineffective, it would seem this fact would be further borne out by review of counsel’s trial file. Moreover, sound economic principles also favor allowing the State access to defense counsel’s trial file without requiring a particularized showing. The more stringent the showing required of the State, the more costly it is for the State to make that showing. Permitting liberal post-conviction discovery discourages abusive delay and dilatory gamesmanship. Because allowing access to this file would promote the cost-effective and efficient resolution of these post-conviction claims, it makes sense to minimize the costs the State has to expend in order to obtain the file.
Finally, Leger’s argument that this trial file is non-discoverable because it is subject to attorney-client privilege is meritless as Leger waived that privilege with respect to counsel’s work at trial when he filed his ineffective assistance of counsel claim.[4]
For these reasons, I respectfully dissent from the majority’s denial of the State’s supervisory writ application. I would grant and reverse the District Court’s denial of- the State’s Motion for Discovery.

. State v. Leger, 05-0011 (La.7/10/06), 936 So.2d 108.

. See La. C.Cr.P. Art. 929 ("If the court determines that the factual and legal issues can be resolved based upon the application and answer, and supporting documents ..., the court may grant or deny relief without further proceedings.”); Official Revision Comment to La. C.Cr.P. Art. 929 (1980) ("If a factual issue of significance to the outcome is sharply contested, the trial court will not be able to resolve the factual dispute without a full evi-dentiary hearing.”).

. State v. Chapman, 97-0967 (La.App. 4 Cir. 9/3/97), 699 So.2d 504, 507 ("The Public Records Act was interpreted to allow defendants full access to district attorney’s files and supplemental police reports for purposes of post-conviction relief in Lemmon v. Connick, 590 So.2d 574 (La.1991).”).

.See La. C.E. art. 506(C) ("There is no privilege under this Article as to a communication ... [wjhich is relevant to an issue of breach of duty by a lawyer to the client or by a client to the client's lawyer”); La. C.E. art. 507 ("This Article shall not apply in habitual offender proceedings when a lawyer is called as a witness for purposes of identification of his client or former client, or in post-conviction proceedings when a lawyer is called as a witness on the issue of ineffective assistance of the lawyer.”).